MENDUM & a. *v.* JOY.

A plea in abatement, which shows by the officer's return set forth, the service of a summons at a date different from the date of the attachment, and enrolls the summons, alleging that it is the summons delivered when the attachment was made, is bad for uncertainty and repugnancy.

PLEA IN ABATEMENT, setting forth the writ, declaration, return, and summons, and alleging that the summons is not in the form prescribed by law. As set forth in the plea, the writ is dated Nov. 25, 1876, is under the seal of the supreme court, bears teste of the chief-justice of that court, and commands the sheriff to summon the defendant to appear before that court; the return is, that the sheriff made an attachment Nov. 25, 1876, and, as within commanded, summoned the defendant, Dec. 6, 1876, by giving her a summons in the form prescribed by law, &c.; the summons is signed " C. G. Conner, clerk," is dated Nov. 25, 1876, is under the seal of the circuit court, bears teste of the chief-justice of that court, and commands the defendant to appear at that court at the time and place named in the writ. It is alleged in the plea, "that the summons aforesaid delivered to her by the officer who served said writ, when her the said defendant's estate was attached upon said writ, which the plaintiff avers is the summons above enrolled, and the only summons served upon her in this action, is not in the form prescribed by law, in this,—it is not under the seal of the supreme court; it is not signed by the clerk of that court; it does not bear the proper teste; the writ is returnable to the supreme court, and the summons commands the defendant to appear at the circuit court." The plaintiffs demurred.

*Rollins*, for the plaintiffs.

*Page*, for the defendant.

ALLEN, J.   Pleas in abatement, being dilatory in their nature and effect, and not favored in law, should be framed with accuracy and precision, be certain in substance and intent, and should contain no repugnant matter.   Cro. Jac. 82; 1 Ch. Pl. 491; Gould Pl., *c.* 5, *s.* 66.   The plea, in this case, shows, by the officer's return, that the attachment was made Nov. 25, 1876, and the summons served Dec. 6, 1876, and alleges that the summons delivered to the defendant, when her estate was attached, is the summons enrolled, and the only one served on her.   This leaves it uncertain whether the summons enrolled is intended to be identified with the one said by the officer to have been given Dec. 6, or with another one alleged to have been delivered when the goods were attached Nov. 25.   Or, if force is given to the averment that it was the only summons served on her, it contradicts the allegation of a summons served at another time, as appears by the officer's return set out in the plea.   The plea is bad for uncertainty and repugnancy.   *Hibbard* v. *Clark*, 54 N. H. 521; *Jenkins* v. *Sherburne* (SMITH, J.), 56 N. H. 21.

*Demurrer   sustained.*

DOE, C. J., did not sit.